IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BONNIE MARIE MASCHLER and
CHARLEST MASCHLER,

                Plaintiffs,

v.                                           Civil Action No. 2:13-cv-020646

ETHICON, INC. et al,

                Defendants.

## MEMORANDUM OPINION AND ORDER

On October 4, 2018, a Suggestion of Death was filed by defendants' counsel suggesting the death of Bonnie Maschler during the pendency of this civil action. [ECF No. 19].

Pursuant to Federal Rule of Civil Procedure 25(a) and Pretrial Order ("PTO") # 308 (Requirements for Counsel to Deceased Plaintiffs) filed in In re: Ethicon, Inc. Pelvic Repair System Products Liab. Litig., 2:12-md-2327 [ECF No. 6218], the time to substitute a proper party for the deceased party has expired and there has been no motion to substitute the deceased party.

### I.    Background

This action resides in one of seven MDLs originally assigned to me by the Judicial Panel on Multidistrict Litigation concerning the use of transvaginal surgical mesh to treat pelvic organ prolapse ("POP") and stress urinary incontinence ("SUI"). This particular case involves Kansas co-plaintiffs, one of whom, Ms. Maschler, was implanted at Overland Park Regional Medical Center in Overland Park, Kansas with

the TVT-O, a mesh product manufactured by Ethicon, Inc. Short Form Compl. [ECF No. 1] ¶¶ 1-11. On October 4, 2018, defendants' counsel filed a Suggestion of Death noting that Ms. Maschler died during the pendency of this action [ECF No. 19].

## II. Legal Standards

### a. Rule 25

Rule 25 governs the process for substituting or dismissing a case after a plaintiff has died. *See* Fed. R. Civ. P. 25. The rule provides:

> If a party dies and the claim is not extinguished, the court may order substitution of the proper party. A motion for substitution may be made by any party or by the decedent's successor or representative. If the motion is not made within 90 days after service of a statement noting the death, the action by or against the decedent must be dismissed.

Fed. R. Civ. P. 25(a)(1). This rule also states that, "[a] motion to substitute, together with a notice of hearing, must be served on the parties as provided in Rule 5 and on nonparties as provided in Rule 4. A statement noting death must be served in the same manner." Fed. R. Civ. P. 25(a)(3). The above-mentioned 90-day clock does not begin to run until the decedent's successors or representatives are served with a statement noting death. *See Farris v. Lynchburg,* 769 F.2d 958, 962 (4th Cir. 1985). If the successor or representative is party to the action, service must be made on the party's attorney. Fed. R. Civ. P. 5(b)(1).

Whether a claim is extinguished is determined by the substantive law of the jurisdiction in which the cause of action arose. *See Robertson v. Wegmann,* 436 U.S. 584, 587 n.3 (1991) (explaining that a claim is not extinguished if the jurisdiction allows the action to survive a party's death). Traditionally, state statutes expressly state whether a claim survives a deceased party and to whom survivorship is allowed.

2

*Id.* at 589. If a case includes multiple plaintiffs, the death of one plaintiff does not cause an abatement of the claims for the remaining parties. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties.").

### b. PTO # 308

In Pretrial Order ("PTO") # 308, the court required that "[f]or any case in which plaintiff's counsel subsequently learns of the death of his or her client, plaintiff's counsel shall file the suggestion of death within 120 days of counsel's learning of the death." Pretrial Order # 308, p. 3, 2:12-md-2327 [ECF # 6218]. In addition, the court directed that

> within the same 120-day period, plaintiff's counsel must serve the suggestion of death on the parties and appropriate nonparties as described above, and file proof of such service with the court. The ninety-day substitution period provided by Rule 25(a) will commence upon the filing and proper service of the suggestion of death. In the event that plaintiff's counsel fails to file the suggestion of death and properly serve it on the appropriate nonparties, the ninety-day substitution period will commence 120 days after the entry of this Order or 120 days after counsel's learning of the death of his or her client, whichever is later.

*Id.* at 3–4.

While this burden is on plaintiffs' counsel, defendants' counsel may also file a suggestion of death on the record. "The filing of the suggestion of death by defendant's counsel places plaintiff's counsel on notice of his or her client's death, and therefore commences the 120-day period within which plaintiff's counsel must serve the suggestion of death on the appropriate nonparties." *Id.* at 4. If they should fail to

3

serve the suggestion of death, the ninety-day substitution period commences 120 days after defendants' counsel filed the suggestion of death. *Id.*

### c. Choice of Law

If a plaintiff files her claim directly in the MDL in the Southern District of West Virginia, the court consults the choice-of-law rules of the state where the plaintiff was implanted with the product. *See Sanchez v. Boston Scientific Corp.*, 2:12-cv-05762, 2014 WL 202787, at *4 (S.D. W. Va. Jan. 17, 2014) ("For cases that originate elsewhere and are directly filed into the MDL, the court will follow the better-reasoned authority that applies the choice-of-law rules of the originating jurisdiction, which in our case is the state in which the plaintiff was implanted with the product."). Ms. Maschler underwent implantation surgery in Kansas. Thus, the choice-of-law principles of Kansas guide the court's choice-of-law analysis.

Kansas applies the rule "that the law of the state where the tort occurred, lex loci delicti, should apply." *Raskin v. Allison*, 57 P.3d 30, 32 (Kan. Ct. App. 2002). Because Kansas is the place of Ms. Maschler's surgery, residence at the time suit was filed, and, presumably, the site of her claimed injuries, Kansas is the state law that governs plaintiffs' substantive claims. Thus, I apply Kansas law to this case.

### III. Analysis

The defendants' counsel filed a Suggestion of Death on October 4, 2018, noting that Ms. Maschler died while this litigation was pending. [ECF No. 19]. The record does not reflect any effort by plaintiffs' counsel to comply with the requirements of PTO # 308. Pursuant to Rule 25(a)(1) and PTO # 308 the time for substituting any party or non-party for the deceased plaintiff has passed.

Rule 25(a)(1) provides the sole procedural device allowing decedent's successor or representative to step into Ms. Maschler's shoes and pursue litigation on her behalf. *See* Fed. R. Civ. P. 25(a)(1) ("A motion for substitution may be made by any party or by the decedent's successor or representative."). Neither Mr. Maschler nor any non-party successor or representative has complied with the substitution requirements of Rule 25(a)(1) within the time requirements as set forth in Rule 25(a) and PTO # 308. Accordingly, the court **ORDERS** that the claims of Bonnie Marie Maschler are **DISMISSED without prejudice**.

While failure to comply with Rule 25(a)(1) prevents Mr. Maschler from pursuing claims on Ms. Maschler's behalf, Rule 25(a)(2) does not prevent Mr. Maschler from pursuing claims on his own behalf. *See* Fed. R. Civ. P. 25(a)(2) ("After a party's death, if the right sought to be enforced survives only to or against the remaining parties, the action does not abate, but proceeds in favor of or against the remaining parties."). In this matter, only Mr. Maschler's claim for loss of consortium remains. In Kansas, "a married person shall sustain personal injuries causing the loss or impairment of his or her ability to perform services, the right of action to recover damages for such loss or impairment shall vest solely in such person." Kan. Stat. Ann. § 23-2605. Accordingly, the court **ORDERS** that the claim of Charles Maschler is **DISMISSED without prejudice**.

### IV.   Conclusion

It is **ORDERED** that the claims of the plaintiffs Bonnie Marie and Charles Maschler are **DISMISSED** without prejudice pursuant to Rule 25(a)(1) and PTO

# 308, and this case is dismissed and stricken from the docket. Any remaining pending motions are **DENIED** as moot.

The court **DIRECTS** the Clerk to send a copy of this Order to counsel of record any unrepresented party.

ENTER: November 3, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE

IN THE UNITED STATES DISTRICT COURT FOR
THE SOUTHERN DISTRICT OF WEST VIRGINIA

CHARLESTON DIVISION

BONNIE MARIE MASCHLER and
CHARLEST MASCHLER,

          Plaintiffs,

v.                                      Civil Action No. 2:13-cv-020646

ETHICON, INC. et al,

          Defendants.

## JUDGMENT ORDER

In accordance with the accompanying Memorandum Opinion and Order entered today, the court **ORDERS** that judgment be entered in favor of the remaining defendants, Ethicon, Inc., Ethicon, LLC and Johnson & Johnson, and that this case be dismissed without prejudice and stricken from the docket of this court.

The court **DIRECTS** the Clerk to file a copy of this Order and to send a copy of this Order to counsel and any unrepresented party.

ENTER: November 3, 2020

_____
JOSEPH R. GOODWIN
UNITED STATES DISTRICT JUDGE